FREDERICK SCHULENBERG, ADOLPHUS BOECKLER, AND LOUIS C. HIRSCHBERG, Appellants, v. JOHN MAGWIRE, JOHN McNEIL, AND JOHN R. SHEPLEY, Respondents.

1. *Contracts —Assignments —Special and General Covenants —Construction.*— Where the reason for the deposit of certain notes in the hands of a designated person was specifically stated in a written instrument to be to secure the purchaser of a leasehold against a particular claimant, mentioned by name, the presumption is excluded that they were intended to secure the performance of a general covenant expressed in the instrument, or which the law would imply against the maker. The addition of the words, " or any other claimant," to that of the one specified, does not enlarge the meaning of the instrument so as to make the security given extend to all claims that might be asserted to the property.

*Appeal from St. Louis Circuit Court.*

The deed of trust first mentioned in the opinion of the court, sale under which was sought to be enjoined by appellants, was given upon the property sold by respondent Magwire. The agreement entered into between Magwire and appellants, and referred to in the opinion of the court, after reciting the sale that had been made to the appellants by Magwire of the mill and machinery and leasehold premises mentioned in the opinion, and stating that Norman Cutter had a claim against the property which he threatened to prosecute, stipulated that four notes of appellants, each for $2,000, being part of the consideration of said purchase, and which were secured by a deed of trust upon the property, should be placed in the hands of Clark & Miltenberger, or such other person as might be agreed on, " as security until such time as the claim of said Cutter to said ground is fully settled and ascertained to be no longer a valid claim to said block of ground, or until such time as said party of the first part shall place in the hands of said parties of the second part, or in the hands of some person they may appoint, a deed of trust upon such sufficient real estate, to be situate in the city or county of St. Louis, as shall be deemed by said parties of the second part, or two disinterested persons mutually chosen, full and satisfactory security, to the amount of eight thousand dollars, and interest thereon from this date, to save, defend, keep harmless, and indemnify the said parties of the second part against the claim of said Cutter or those who claim under him, or any other claimant; and shall also give good and sufficient security, upon real estate, to save harmless and indemnify the said parties of the second part against all damages, costs, rents, and *mesne* profits which may arise or accrue from or by reason thereof. But if the said claim shall be decided in favor of said Cutter to said block No. 602, then the notes shall be delivered up to said parties of the second part; or if they shall have been paid, and such security to indemnify shall have been given, then on the final decision of such claim such eight thousand dollars and interest shall be considered a debt, and payable to the said parties of the second part. And it is the understanding and

agreement of the parties hereto that said party of the first part shall be at liberty to furnish the security, as hereinbefore stated, at any time he may elect so to do ; and whenever such security, amounting to eight thousand dollars and interest, is so furnished, he, the said party of the first part, will be entitled to the possession of all the aforesaid notes, and the same shall be paid as they fall due and become payable; and in case the said notes of two thousand dollars each, amounting to eight thousand dollars, shall be delivered to the party of the first part, then the security against the claim of Cutter or those claiming under him shall be equal to the amount of the notes and interest at the time the notes mature ; and such amount taken as the principal and secured as aforesaid shall remain in the hands of the parties, subject to six per cent. interest from the date when delivered, until the claim of Cutter or those claiming under him shall be finally settled and ascertained to be no longer a valid claim against said block No. 602."

*Knox & Smith*, for appellants.

*Glover & Shepley*, for respondents.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding instituted by the appellants in the St. Louis Circuit Court to enjoin the sale of property conveyed in trust to secure the payment of certain promissory notes mentioned in the petition. It is alleged that in consideration of the purchase from John Magwire of certain leasehold property in the city of St. Louis, with all the buildings and machinery located thereon, the appellants did, on the 15th day of November, 1850, pay to said Magwire four thousand dollars in cash, and execute twelve notes payable to his order, amounting in the aggregate to twenty thousand dollars. Four of these notes, each for the sum of two thousand dollars, and the last due and payable four years after date, were secured by the deed of trust mentioned.

In the articles of agreement executed by these parties at the time of the sale, it was stipulated that, whereas one Norman Cutter was then asserting title to a portion of this property, and

had threatened to sue for possession of the same, the four notes above stated were to remain in the hands of Clark & Miltenberger, of St. Louis, or any other person agreed upon, until the validity of this claim should be fully ascertained and settled.

Magwire had his election to take possession of these notes and collect them as they severally became due, upon the condition that real estate, sufficient in value to cover their aggregate amount, with interest, and to protect the appellants against all loss and injury, should be given as security in their stead. The language of the stipulation in reference to the object of the latter security is, "to save, defend, keep harmless, and indemnify the said parties of the second part (meaning appellants) against the claim of said Cutter *or any other claimant.*" The bill avers that the suit threatened by Cutter was instituted and a portion of the real estate recovered; that the property never would have been purchased but for the stipulation mentioned in the agreement in relation to the security against the claim of Cutter; that by reason of that claim it had been unsafe to build upon or improve the property; that one Eugene Miltenberger and others were *bona fide* claimants of the same property, adverse to those under whom Magwire claimed title, and that suit had been instituted by Miltenberger for a portion thereof; that the security stipulated for had never been given or tendered; that by reason of the recovery had upon Cutter's claim the complainants were entitled to the possession of the notes, and that payment of the same ought not to be enforced against them; that possession of the notes had never been delivered to Magwire, but were deposited with Clark & Miltenberger as an escrow for the purposes stated; that the notes were then in possession of and under the control of John R. Shepley; and that McNeil, another of the respondents, had been appointed to execute the trust, and had advertised and was about to sell their property; also, that Magwire was insolvent.

The prayer of the bill is that the sale be perpetually enjoined and the notes surrendered and delivered up to the complainants. The answer specifically denies all the allegations of the bill tending to show any equitable ground for relief, and sets up a release executed by one Barlow, who had purchased the interest of Cutter,

relieving the complainants from the payment of any rent as to the portion claimed by him, and ratifying the lease under which they held the property, until the expiration of the term.

It is clear that the whole case turns upon the construction of the written agreement as set out in the petition of the appellants. Its meaning is not to be gathered from any isolated expression, but depends upon a fair interpretation of the instrument taken as a whole. The very first sentence in the stipulation, providing for the deposit of the four notes with Clark & Miltenberger, furnishes the key which unlocks any mystery that may be attached to the transaction. Magwire sold only a leasehold interest, to expire on the 1st of July, 1868. The special ground stated for the deposit of the security, in the language of the agreement, is "whereas, one Norman Cutter asserts a title to a part of the ground within the said block No. 602, herein agreed to be conveyed, and that he intends to bring a suit to recover the possession thereof." Besides this there is no special covenant stated in the article, and nothing from which an inference could be drawn that there was at the time in the minds of the parties any other claim against which these notes were to operate as a security. The reason for their being deposited having thus been specifically stated, excludes the presumption that they were intended to secure the performance of any general covenant expressed in the assignment of the lease, or any that the law would imply against the assignor. The condition upon which they were to remain in the hands of the person designated is stated to be "as security until such time as the claim of said Cutter to said ground is fully settled and ascertained to be no longer a valid claim to said block of ground." It will not be pretended that if Cutter himself had, for a valuable consideration, ratified the lease under which the property was held, and released these complainants from the payment of any rent, the condition would not have been fully complied with, and Magwire entitled to the possession of the notes. Barlow having acquired all the interest claimed by Cutter, executed just such a release, and the purposes of the security were thereby fully accomplished. The fact stated in the bill, that the claim asserted by Cutter had been established by suit, is the very reason why

the release executed by the purchaser of that interest was effect-ual to protect these complainants in the undisturbed possession of the property. Instead of operating to relieve them from the payment of the notes in question, it seems to be the very strongest reason why they should be compelled to pay them. It appears, however, that in stipulating for the other kind of security which was to be given in the event that the possession of the notes should be delivered to Magwire, the words "or any other claim-ant" were added to the condition. It is insisted that the use of these words enlarged the meaning of the instrument so as to make the security given in either case extend to all claims that might be asserted to the property. This cannot be true. The whole tenor of the instrument shows that the purchasers were only seeking this special protection against the claim of Cutter. No apprehension seems to have been felt about any other claims, and no guard provided against such.

Magwire, as it appears, has never sought to avail himself of the election given him by the agreement. No effort was made to collect the notes until these parties were fully protected against the claim for which they were intended to be held simply as security. They constitute a part of the consideration for the purchase of the property; and having subserved the purposes for which they were deposited, there can be no reason why they should not be paid in full. They stand precisely as if they had been given to Magwire at the time of their execution, and afterward deposited by him as security against Cutter's claim. There was no proof at the trial of the insolvency of Magwire, and nothing to show that these complainants are not fully protected as to any general covenants for the quiet enjoyment of the premises. The Circuit Court committed no error in excluding the testimony offered by the appellants to show that they were prevented from making improvements on the property by reason of the suit insti-tuted by Cutter. The temporary injunction granted at the com-mencement of this suit was dissolved by the Circuit Court, and a decree rendered dismissing the bill. This decree was affirmed by the court in general term, and an appeal taken to this court.

The other judges concurring, the decree will be affirmed.